UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

OSCAR LOYA,

    Plaintiff

v.

PARKS, et al.,

    Defendants

Case No.: 3:23-cv-00662-CSD

**Order**

Re: ECF Nos. 39, 40, 42

    Plaintiff has filed three motions for the appointment of counsel. (ECF Nos. 39, 40, 42.)

    "[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff requests the appointment of counsel because he is not trained in the law and asserts his case is complex, and he cannot articulate his claims.

Plaintiff is proceeding in this action with a claim for excessive force against Parks and McCurdy where he alleges that Parks, on McCurdy's orders, attacked Plaintiff when Plaintiff walked away from him and posed no threat. He is also proceeding with an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Marks based on allegations that Dr. Marks failed to answer his medical kits requesting treatment for extreme pain in his ribs and back following the alleged use of excessive force.

Plaintiff's claims are not unduly complex. A lack of legal training is not grounds for the appointment of counsel as this is the case for nearly all pro se litigants. Moreover, Plaintiff has not demonstrated a likelihood of success on his claims, and has been able to adequately articulate himself up to this point. For these reasons, Plaintiff's motions are denied.

## CONCLUSION

Plaintiff's motions for the appointment of counsel (ECF Nos. 39, 40, 42) are **DENIED**.

**IT IS SO ORDERED**.

Dated: August 14, 2025

_____
Craig S. Denney
United States Magistrate Judge